# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Arthur Laurence Foy and**
**Larissa Blitz**

      v.                                    Case No. 1:24-cv-295-PB-TSM
                                                Opinion No. 2026 DNH 018

**U.S. Bank National Association,**
**As Trustee For MASTR Asset Backed**
**Securities Trust 2006-WMC4, et al.**

## MEMORANDUM AND ORDER

Arthur Foy and his domestic partner, Larissa Blitz, currently reside in a home they lost to foreclosure. Doc. 1-1 at 6-8. They have sued U.S. Bank National Association ("U.S. Bank") in its capacity as trustee for the trust that owns the property. Id. at 6. Plaintiffs argue that U.S. Bank breached an agreement to allow the plaintiffs to repurchase the property. Id. at 14. U.S. Bank has responded with a motion for summary judgment arguing that the plaintiffs cannot prove their breach of contract claim. Doc. 8.

## I.  BACKGROUND

Foy purchased the home that is the subject of this litigation on December 23, 1996. Doc. 4 at 3. On July 31, 2006, he transferred title to the home to Blitz, who finalized the transfer with a mortgage from WMC Mortgage Corporation. Id. The mortgage was later modified and assigned to the trust that U.S. Bank oversees. Id.

On May 31, 2019, U.S. Bank foreclosed on the property. Id. The same day, Foy submitted the winning bid at the foreclosure auction and signed a "Foreclosure Auction Agreement" with U.S. Bank to repurchase the property for $451,000. Id.; see also Doc. 13-5. The agreement required Foy to make a $5,000 deposit and specified a closing date of July 1, 2019, which the parties later agreed to extend to September 1, 2019. Doc. 13-5; Doc. 13-1 at 1. Foy failed to tender the balance of the purchase price, however, and on October 16, 2019, U.S. Bank took title to the property. Doc. 13-1 at 2.

U.S. Bank filed an eviction action against Foy and Blitz on March 6, 2020. Doc. 10-5 at 2. The plaintiffs responded by filing a Plea of Title in state superior court challenging U.S. Bank's authority to pursue an eviction claim. Doc. 10-6 at 10. U.S. Bank removed that action to federal court. Id. at 2-4. The parties later resolved the eviction proceeding and the Plea of Title by entering into a "Confidential Settlement Agreement and Release of Claims" ("Settlement Agreement"). Doc. 13-8.

Foy and Blitz agreed in the Settlement Agreement to repurchase their home for $470,000. Id. at 3. The agreement called for payment in two sums: an initial deposit of $51,000 with the balance due on or before April 23, 2021. Id. It also specified that Foy and Blitz must agree to dismiss their Plea of Title with prejudice and execute an Agreement for the Entry of Judgment in the eviction proceeding that would be held in escrow and returned when the

second payment was made. Id. at 3-4. The parties later agreed to extend the

deadline for the second payment until July 9, 2021. Id. at 12. Foy and Blitz

made the $51,000 initial payment but the agreement lapsed because

plaintiffs failed to make the second payment by the July deadline. Doc. 10 at

4. On October 26, 2022, plaintiffs' counsel sent U.S. Bank's counsel a proposal

to modify the Foreclosure Auction Agreement by increasing the purchase

price for the property to $491,000, with no credit for the $56,000 in payments

that the plaintiffs had made pursuant to the original Foreclosure Auction

Agreement and the Settlement Agreement. Doc. 11-10 at 9. On November 1,

2022, U.S. Bank's counsel responded to the plaintiffs' proposal with an email

stating:

> I forwarded your correspondence and proposal to my client, the servicer
> for U.S. Bank, N.A., and received the following response. They are
> apparently willing to entertain a purchase of the property providing
> that certain conditions are met, as follows:
>
> > The occupant's request is denied. We are unable to update the
> > [Foreclosure Auction Agreement] because the deed has been
> > recorded
> >
> > If Arthur Foy wants to submit a purchase offer for $451,000,
> > we can send it to our client for review after we receive/meet
> > the following requirements:
> >
> > > 1) Purchase contract (received in attached email)
> > >
> > > 2) Proof of funds (Bank statement/financing approval)
> > >
> > > 3) Occupant allows access for 2 interior values

Please let me know if this is a possibility for your clients.

Doc. 11-11 at 2. Plaintiffs' counsel responded on November 11, 2022, by forwarding a draft Purchase and Sale Agreement for U.S. Bank's "review, acceptance and signature." Id. The draft Purchase and Sale Agreement was signed by Foy but never signed by U.S. Bank. Doc. 13-15 at 9.

The plaintiffs' assert two claims for relief. Count I asserts that U.S. Bank has breached both the Settlement Agreement and a second contract between the plaintiffs and U.S. Bank that was purportedly formed when plaintiffs' counsel submitted the November 11, 2022 draft Purchase and Sale Agreement in response to U.S. Bank's counsel's November 1, 2022 email. Doc. 1-1 at 14. Count II seeks an injunction barring U.S. Bank from selling the property until the court resolves Count 1. Id. at 16.

## II.  <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016). In this context, a "material fact" is one that has the "potential to affect the outcome of the suit." Cherkaoui v. City of Quincy, 877

F.3d 14, 23 (1st Cir. 2017) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). A "genuine dispute" exists if a factfinder could resolve the disputed fact in the nonmovant's favor. Ellis v. Fid. Mgmt. Tr. Co., 883 F.3d 1, 7 (1st Cir. 2018).

The movant bears the initial burden of presenting evidence that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); accord Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018). Once the movant has properly presented such evidence, the burden shifts to the nonmovant to designate "specific facts showing that there is a genuine issue for trial," Celotex, 477 U.S. at 324 (citation modified), and to "demonstrate that a trier of fact could reasonably resolve that issue in [its] favor." Irobe, 890 F.3d at 377 (quoting Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010)). If the nonmovant fails to adduce such evidence on which a reasonable factfinder could base a favorable verdict, the motion must be granted. Celotex, 477 U.S. at 324. In considering the evidence, the court must draw all reasonable inferences in the nonmoving party's favor. Theriault v. Genesis HealthCare LLC, 890 F.3d 342, 348 (1st Cir. 2018).

### III.  ANALYSIS

Plaintiffs base their breach of contract claim on two distinct theories. First, they argue that U.S. Bank breached the Settlement Agreement by

failing to sell them the property for $470,000. Doc. 1-1 at 15. In the alternative, they argue that the November 2022 correspondence gave rise to a binding contract to sell them the property for $451,000. Id. at 16.

## A.     <u>The Settlement Agreement</u>

Although plaintiffs claim that U.S. Bank failed to comply with its obligations under the Settlement Agreement, they have not pointed to any supportive evidence or offered any argument in response to U.S. Bank's motion for summary judgment challenging this contention. "It is a long-established policy that when a party's opposition to a motion fails to respond to arguments raised by the opposing party, a court may treat those unopposed arguments as conceded." Hill v. State, 2023 DNH 77, 2023 WL 4204662, at *3 (D.N.H. June 27, 2023) (quoting Int'l Union, United Gov't Sec. Officers of Am. v. Clark, 704 F. Supp. 2d 54, 60 (D.D.C. 2010)). Thus, given plaintiffs' silence on this issue, they have waived their argument that U.S. Bank is liable because it breached the Settlement Agreement.[1]

---

[1]      Plaintiffs could not base their breach of contract claim on the Settlement Agreement even if they had not conceded the issue because undisputed evidence leaves no doubt that the plaintiffs failed to fulfill their obligations under that agreement. "A material breach of contract by one party to a contract discharges the duty of performance of the other." Gaucher v. Waterhouse, 175 N.H. 291, 296 (2022). The plaintiffs' breach here was material, as they "fail[ed] to perform a substantial part of the contract or one or more of its essential terms and conditions." Id. As such, when the plaintiffs

**B.**     **November 2022 Correspondence**

Plaintiffs' attempt to base their claim on the November 2022 correspondence fails because that correspondence did not result in a binding contract.

New Hampshire law requires an offer, an acceptance, and consideration to form a valid contract. Tsiatsios v. Tsiatsios, 140 N.H. 173, 178 (1995). The crux of the current matter lies in the first two elements: was U.S. Bank's counsel's November 1, 2022 email to plaintiffs' counsel an offer, and did the plaintiffs accept it? The plaintiffs treat the November 1, 2022 email from U.S. Bank's counsel as an offer and contend that "Mr. Foy's prior payment of a $56,000.00 deposit, acceptance of the suggested purchase price of $451,000.00, providing Proof of Funds and acquiescing to inspection by U.S. Bank Nat'l" constituted acceptance, thus forming an enforceable contract between the parties. Doc. 13 at 9.

An offer is defined as "a promise to do or refrain from doing something provided that the offeree accepts the offer and pays or promises to pay the price of the offer." In re O'Meara's Case, 164 N.H. 170, 178 (2012) (citing Black's Law Dictionary 1189 (9th ed. 2009)). Traditional principles of

_____

failed to remit the remaining balance due under the Settlement Agreement, they discharged U.S. Bank from its duty to perform under the Agreement.

contract law further instruct that "an invitation to bid on a . . . contract is not

an offer" and "the bid itself is an offer that creates no right until it is

accepted." Marbucco Corp. v. City of Manchester, 137 N.H. 629, 633 (1993)

(citing 1 Samuel Williston, A Treatise on the Law of Contracts § 31, at 82 (3d

ed. 1957)); see also Restatement (Second) of Contracts § 26 cmt. d (Am. L.

Inst. 1981) ("A writes B, 'I am eager to sell my house. I would consider

$20,000 for it.' B promptly answers, 'I will buy your house for $20,000 cash.'

There is no contract. A's letter is a request or suggestion that an offer be

made to him. B has made an offer.").

Plaintiffs' argument is based on the mistaken premise that the

November 1, 2022 email from U.S. Bank's counsel was an offer to sell. That

email does two things: (1) it rejects plaintiffs' proposal to modify the

Foreclosure Auction Agreement because U.S. Bank had already taken title to

the property; and (2) it expresses a willingness to "entertain" a "purchase

offer" from the plaintiffs that it agreed to "review" if plaintiffs satisfied

certain conditions. Doc. 11-11 at 2. By its plain terms, the November email is

thus a mere invitation to bid rather than an offer. And because U.S. Bank

never accepted plaintiffs' November 11, 2022 offer to purchase the property,

the November 2022 correspondence cannot serve as a basis for a breach of

contract claim.

The plaintiffs' attempts to characterize subsequent interactions between the parties as proof of an enforceable contract likewise fail. They first argue that defense counsel's April 6, 2023 email was an attempt to "recant[]" an existing settlement agreement, a characterization that they suggest "gives credence to there [sic] being a settlement agreement." Doc. 13 at 10. On the contrary, the April 2023 email only affirms that U.S. Bank never entered into an enforceable contract for the sale of the property. In interpreting whether a contract was formed, I "apply the common meanings to the words and phrases used by the parties in an agreement." In re Bd. of Trs. of the Univ. Sys. of N.H. for Keene State Coll., 129 N.H. 632, 636 (1987). The email from U.S. Bank's counsel to plaintiffs' counsel reads, "my client [U.S. Bank] informed me that they will not consider any purchase offers on the property until it is listed for sale." Doc. 13-17 at 1 (emphasis added). With this email, U.S. Bank's counsel closes its November 2022 invitation for offers by stating that U.S. Bank "will not consider any purchase offers on the property until it is listed for sale." Id. Contrary to the plaintiffs' argument, nothing in the April 2023 email indicates that parties reached an agreement for sale in November 2022.

The plaintiffs additionally attempt to characterize both parties' representations to the Jaffery district court as proof of contract, but this gambit is similarly unavailing. Foy and Blitz note that because both parties'

counsel jointly represented "that the parties were making progress towards settlement, [the] Jaffrey District Court continued the review hearing to April 10, 2023." Doc. 13-2 at 3. These actions, they contend, "show that there was a 'meeting of the minds' by the parties that the November 1, 2022[] terms enunciated by the Trust's legal counsel comprised an actual settlement proposal versus a mere suggestion." Doc. 16 at 2. However, these representations merely show the parties were "making progress towards settlement," Doc. 13-2 (emphasis added), if anything highlighting that an enforceable agreement had yet to be reached.

U.S. Bank, through its November 1, 2022 email from counsel and subsequent actions, did not offer to sell the property to Foy or Blitz. Nor did U.S. Bank or its counsel accept any offer plaintiffs made to purchase the property following that November 2022 email. Accordingly, U.S. Bank is entitled to summary judgment on plaintiffs' breach of contract claim.

## IV.  CONCLUSION

For the reasons stated above, I find that there is no genuine dispute as to any material fact regarding the plaintiffs' breach of contract claims. Accordingly, I grant U.S. Bank's motion for summary judgment on Count I. Doc. 7.

The plaintiffs requested injunctive relief under Count II solely as a means to "preserve the premises for a potential award of specific performance

under Count I of this Complaint." Doc. 1-1 at 16. It thus follows that, having

granted summary judgment for U.S. Bank on Count I, I also grant its motion

as to Count II. Doc. 7. The clerk shall enter judgment for the defendant and

close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 4, 2026

cc:    Counsel of Record